UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

UNITED STATED OF AMERICA,

    -against-

DAVID PIPARO,

                       Defendant.

------------------------------------------x

MEMORANDUM DECISION
AND ORDER

11 Crim. 18 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 29 2021

GEORGE B. DANIELS, United States District Judge:

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Compassionate Release ("Def.'s Mot."), ECF Nos. 43, 44.) The Government opposes Defendant's motion. (*See* Letter dated March 24, 2021 ("Gov't Opp'n"), ECF No. 49.) Defendant filed a reply to the Government on March 29, 2021. (Reply in support of Mot. for Compassionate Release ("Def.'s Reply"), ECF No. 50.) On April 14 and April 22, 2021, Defendant filed two supplemental letters to provide updated medical information to the Court. On April 26, the Government responded to these supplemental letters and maintained its opposition to Defendant's compassionate release.[1]

Defendant is serving a mandatory minimum sentence of 22 years' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); Hobbs Act robbery in violation of 18 U.S.C. § 1951; and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[2] (*See* J. in a Crim. Case, ECF No. 25.)

---

[1] Given the extensive discussion of the Defendant's medical conditions the Defendant's April 22 letter and the Government's April 26 response have been filed under seal.

[2] Defendant was sentenced to a concurrent New York State sentence of 20 years to life after pleading guilty to a robbery that occurred on November 24, 2010. (Def.'s Mot. at 2.) Defendant represents that the New York State parole officer overseeing his case has advised that if Defendant is released from federal prison

Defendant is currently incarcerated at USP Victorville and, assuming good-time credit, is expected to complete his sentence on July 22, 2030. (Gov't Opp'n at 2.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[3] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."[4] *Id.*

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant argues that the COVID-19 pandemic, combined with his individual medical vulnerabilities and the conditions at USP Victorville, present an extraordinary and compelling reason for release. (Def.'s Mot. at 1–2, 10–16.)

---

by this Court, that Defendant will be released on parole supervision by New York State. (*Id.* at 2, n.1.) Defendant fails to explain how he would be paroled by New York State when he has not yet served the minimum sentence of 20 years.

[3] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The parties do not dispute that Defendant has exhausted all administrative remedies. (Gov't Opp'n at 3.)

[4] The government cites to United States Sentencing Guideline § 1B1.13 as an applicable policy statement. (Gov't Opp'n at 3–4.) The Second Circuit, however, has recently held that "Guideline § 1B1.13 does not, by its own terms, apply" to compassionate release motions "that are not brought by the BOP Director." *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020). Accordingly, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" and Guideline § 1B1.13 does not limit that discretion. *Id.* at 237.

Defendant is a 60-year-old man who suffers from chronic obstructive pulmonary disease ("COPD"), emphysema, essential hypertension, and a heart condition. (Def.'s Mot. at 1–2.) Defendant has suffered two heart attacks and in June 2020 Defendant contracted COVID-19. (*Id.*) While Defendant subsequently recovered—from both his heart attacks and his COVID infection—he alleges that his health has continually deteriorated since having COVID. (ECF No. 51.) Defendant contends that his "underlying health conditions . . . increase his risk of serious illness or death if re-infected with COVID-19" and that the conditions at USP Victorville present extraordinary and compelling reasons which justify his release. (Def.'s Mot. at 1–2, 10–16.)

On April 22, via counsel, Defendant filed a letter under seal, purporting to provide the Court with "new, concerning medical information" that he believed supported his motion for compassionate release. Yet, Defendant's new health claims are belied by the evidence. Specifically, Defendant's claim that he has been recently diagnosed with a serious disease is completely unsupported by his updated medical records. (Def.'s Mot. 1–2; Gov't Opp'n 5–6; ECF No. 53, Ex. A (filed under seal).) Thus, given the lack of evidentiary support, the Court gives little weight to that unsubstantiated representation in Defendant's April 22 letter.

While there is no dispute that Defendant suffered two heart attacks and is afflicted with COPD, emphysema, and essential hypertension, these health conditions do not present extraordinary and compelling reasons to justify his release for two reasons. First, although the Court is mindful of Defendant's medical conditions and understands Defendant's concern about being reinfected with COVID-19, the risk of reinfection does not present an extraordinary and compelling reason for release. *United States v. Davis*, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020). Indeed, because Defendant was infected with COVID-19 his risk of reinfection is substantially reduced. According to the CDC, "[c]ases of reinfection with COVID-19 have been

3

reported but remain rare." *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited April 27, 2021).

Second, while a substantial part of the parties briefing is dedicated to Defendant's initial refusal to be vaccinated, Defendant's latest medical records indicate that on April 21, 2021 he received the first dose of the Pfizer-BioNTech vaccine. (Gov't Opp'n at 6; Def.'s Reply at 3–5; Ex. A at 217.) Defendant has taken the important opportunity to reduce his vulnerability and protect himself from COVID-19. *See Benefits of Getting a COVID-19 Vaccine*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Jan. 5, 2021). Even with his comorbidities, receiving the vaccination reduces Defendant's risk of reinfection even further. Thus, Defendant's argument that his medical conditions and risk of reinfection compels his immediate release is unpersuasive since Defendant's acceptance of the vaccine has empowered him to reduce these risks. *See United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) (finding that Defendant's access to the COVID-19 vaccine blunted argument that "medical needs warrant[ed] his release".)[5]

Even if Defendant's medical circumstances qualified as extraordinary and compelling reasons to justify release, this Court must evaluate the 3553(a) sentencing factors and determine that Defendant is not a danger to safety of any person or the community before granting Defendant's motion. Given the magnitude of Defendant's crime and criminal history, this analysis strongly counsels against Defendant's release. Defendant has committed multiple violent

---

[5] Defendant's arguments about the conditions at USP Victorville are equally unavailing. (Def.'s Mot. at 11–12.) Like most facilities, USP Victorville has not been unaffected by the virus. This facility, however, currently reports just five active COVID-19 cases among inmates and one among staff. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 27, 2021). Defendant contends that BOP does not accurately report its COVID-19 cases but he presents no evidence to support such a claim. (Def.'s Reply at 7.)

4

felonies and here pled guilty to a series of armed robberies. (*See* ECF No. 40 at 3.) Moreover, Defendant has an astounding criminal history, having been arrested on 52 occasions and convicted 22 times, including convictions for 13 violent felonies. (Gov't Opp'n at 8.) The nature of the offenses indicates that the sentence imposed remains sufficient in this case and reflects the seriousness of Defendant's conduct. Defendant has not set forth an "extraordinary and compelling" reason to warrant release.

Defendant's request for compassionate release is DENIED.

Dated: New York, New York
April 29, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

5